IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RANDOLPH WALLACE BOULDEN,

                                 ORDER

        Plaintiff,

                              07-C-602-bbc

   v.

MICHAEL FROSETH and
ANTHONY PUCILLO,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this case, plaintiff is proceeding pro se and in forma pauperis on his claim that defendants Michael Froseth and Anthony Pucillo, City of Madison police officers, violated his Fourth Amendment rights when they used a taser gun on him on December 19, 2005, for no reason except to harm him. Defendants have answered the complaint and a preliminary pretrial conference has been held. Most recently, on May 12, 2008, plaintiff moved the court to appoint an expert witness at government expense to assist him with his case. At the time, plaintiff argued that because defendants had identified an expert witness who would testify that under the circumstances presented during plaintiff's arrest, defendants' use of force complied with proper law enforcement training, plaintiff

1

would need an expert to counter defendants' expert, but that his indigence prevented him from hiring one.

In an order dated May 15, 2008, I denied plaintiff's motion. I told plaintiff that there is no statute granting courts authority to appoint expert witnesses at government expense for persons proceeding in forma pauperis. In addition, I told him that appointment of an expert under Fed. R. Evid. 702 was inappropriate, because he was not asking for an "impartial expert witness to assist the court in evaluating complex scientific evidence." Dkt. #52 at p.2. Now plaintiff has moved for reconsideration of the May 15 order.

In his motion for reconsideration, plaintiff argues that he *is* asking the court to appoint an impartial expert to assist the court in evaluating the evidence. Specifically, he says,

> The purpose of the plaintiff requesting an expert is to evaluate the defendants' evidence and the plaintiff's evidence and to help the trier of fact ascertain the case before it and if in fact the evidence proves that the plaintiff's Fourth Amendment right has been violated and if the evidence proves that the defendants' [use of] excessive force was reasonable under the circumstances.

Unfortunately, plaintiff misunderstands the purpose of Fed. R. Evid. 702 and my earlier ruling. In every case, there are two sides to a story and the trier of fact must decide which side to accept as true. Sometimes, however, as in McKinney v. Anderson, 924 F.2d 1500 (9th Cir. 1991), the case plaintiff cites to support his request, the evidence that has been presented by both sides is so difficult to understand because of its scientific nature that a

2

court must ask for the help of an expert who has no interest in the outcome of the case to sort out the evidence presented by the two sides. That is not the situation here. Plaintiff wants the court to appoint an expert to argue his side of the story. That will not happen for the reasons I have explained.

Moreover, even assuming that plaintiff were to recruit an expert witness who would testify that what defendants did during the course of his arrest was not in accordance with proper police procedure, the subject of proper law enforcement procedures is not so complex that the jury would be unable to understand it without the help of an additional expert to explain what the other two experts said.

ORDER

IT IS ORDERED that plaintiff's motion for reconsideration of the May 15, 2008 decision to deny his motion for appointment of an expert witness (Dkt. #59) is DENIED.

Entered this 27th day of May, 2008.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge

3