IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RANDOLPH WALLACE BOULDEN,

                        Plaintiff,

    v.

MICHAEL FROSETH and
ANTHONY PUCILLO,

                        Defendants.

OPINION AND ORDER

07-cv-602-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this civil action for declaratory and monetary relief brought under 42 U.S.C. § 1983, plaintiff Randolph Wallace Boulden contends that defendants Michael Froseth and Anthony Pucillo used excessive force when they arrested him, in violation of the Fourth Amendment and Wisconsin law.  After the parties fully briefed defendants' motion for summary judgment, plaintiff filed a motion to stay this case.  That motion is before the court.

      Unfortunately for the parties, plaintiff's motion makes it clear that the court and the parties have expended unnecessary time moving this case to resolution.  Had either party raised the matter earlier, it would have been evident that plaintiff's claim in this suit is

1

barred by Heck v. Humphrey, 512 U.S. 477 (1994), because a decision in his favor on his claim that defendants used excessive force against him would call into question the validity of his convictions for resisting an officer and disorderly conduct arising out of the same incident, and these convictions are the subject of challenges brought by plaintiff in state court that are still pending.

Under Heck v. Humphrey, a plaintiff cannot pursue a claim under 42 U.S.C. § 1983 that would imply the invalidity of a criminal conviction if successful unless the conviction or sentence has already been invalidated by appeal, collateral review or pardon. A plaintiff cannot dispute the facts underlying a criminal conviction in the context of the § 1983 claim because that would "imply the invalidity" of the conviction. Gilbert v. Cook, 512 F.3d 899, 900 (7th Cir. 2008). In Gilbert, a prisoner brought a § 1983 suit against three guards, alleging that the guards had violated his Eighth Amendment rights during an incident in which the guards wrenched his arm through a chuckhole. Id. For the same incident, a prison disciplinary board found that Gilbert had punched one of the guards through the chuckhole while they were removing his cuffs, resulting in revocation of a year's worth of Gilbert's good-time credits. Id. In spite of this finding, Gilbert sought to file a § 1983 action in which he asserted that he never punched a guard and was assaulted without provocation. Id. at 901. The court held that the Heck doctrine prevented Gilbert from telling the story as he wished to tell it because if his story was determined to be true, the finding would

"necessarily" imply the invalidity of the decision of the prison board and the decision to revoke his good time credits.

An individual in plaintiff Boulden's situation may avoid a Heck problem if he were to admit to or remain neutral about the facts underlying his conviction. Id. at 901-02. As the court explained in Gilbert, Gilbert "would have had clear sailing" had he admitted to having punched the guard or he could have proceeded on a theory that "the guards violated [his] rights by injuring [him], whether or not [he] struck first." Id. However, a plaintiff "is master of his ground," and if he chooses to present a story incompatible with the facts underlying the conviction, he may proceed on his § 1983 claim only if the conviction has already been invalidated. Id. (citing Okoro v. Callaghan, 324 F.3d 488, 490 (7th Cir. 2003)).

In this case, plaintiff has presented a story in his complaint and on summary judgment that is in direct conflict with the facts found to support his convictions for resisting an officer and disorderly conduct. In particular, plaintiff denies defendants' factual propositions that he told Officer Froseth "I'll just shoot you then," that he was "struggling to get away" and that he resisted arrest and attempted to "pull away his arm" when defendants attempted to handcuff him. Because these facts formed the basis for plaintiff's state court convictions, plaintiff may not dispute them in the context of a § 1983 action unless he first succeeds in overturning them on direct appeal or in a petition for a writ of

habeas corpus.

Does this mean that plaintiff's case should be stayed? Generally, when a plaintiff's story in a § 1983 action conflicts with the facts underlying a conviction, a court should either disregard plaintiff's proposed facts to the extent they conflict with the facts underlying a conviction, Gilbert, 512 F.3d at 902, or, when a plaintiff "adheres steadfastly" to a factual position that conflicts with the facts underlying the conviction, dismiss the action altogether. Okoro, 324 F.3d at 490. In this case, plaintiff has "adhered" to a factual position that conflicts directly with the facts underlying his convictions, which suggests that plaintiff's case must be dismissed.

However, in some circumstances, a court may stay a case when dismissal would otherwise be appropriate under Heck. Wallace v. Kato, ___U.S.___, 127 S.Ct. 1091, 1098 (2007). In Wallace, the Court addressed the interplay of the Heck doctrine and accrual and tolling of statutes of limitations and concluded that Heck does not affect the date of accrual or toll the running of a statute of limitations. Id. at 1097-99. Thus, under Wallace, the statute of limitations continues to run even as a plaintiff's § 1983 claim shifts in and out of being "cognizable." Id. For example, if a plaintiff is subject to excessive force during an arrest, his § 1983 claim accrues immediately; if he is convicted of crimes related to the incident, his claim may no longer be "cognizable"; if he later prevails on appeal or in a habeas corpus action seeking invalidation of those convictions, his claim becomes cognizable

4

once again.  All the while, the statute of limitations on his § 1983 action is running.

To avoid the obvious unfairness of reading Heck as barring a § 1983 suit while the statute of limitations for the claim marches on, the Court held in Wallace that, instead of dismissing a case outright, a district court may "stay the civil action until the criminal case . . . is ended.  If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, Heck will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit."  Id. at 1098.  In this case, plaintiff's criminal case is not "ended" because his case is still on appeal.  If his conviction is overturned on appeal or in the context of a habeas corpus action, he will be freed from the Heck bar.  Therefore, I will grant plaintiff's motion for a stay and close this case administratively until such time as plaintiff succeeds in overturning his convictions on appeal or through a petition for a writ of habeas corpus.  Once plaintiff's case is resolved in his favor, if it is, either party can file a motion to reopen this case and conclude the issues raised on summary judgment.

In addition to his § 1983 claim, plaintiff asserts state law assault and battery tort claims against defendants.  However, because this court's jurisdiction over plaintiff's state law claims is contingent on the existence of plaintiff's § 1983 claim, it is necessary to stay the proceedings with respect to those claims as well.

In sum, because plaintiff is asserting in this case facts that conflict with facts found by a jury in the criminal proceedings against him and because he has not yet succeeded in

5

obtaining a decision in his favor on appeal or in a habeas corpus action, this case will be closed administratively. Either party may move to reopen the case immediately upon resolution of the appeal or habeas corpus action in plaintiff's favor. In this circumstance, the parties will be entitled to all such rights as they had when the case was administratively closed.

Defendants have "objected" to plaintiff's motion to stay, but have offered no reasons for their objection, instead requesting a hearing. No hearing is necessary to determine that the case should be closed administratively to allow plaintiff an opportunity to conclude his appeal. Defendants are not prejudiced by this resolution of the motion: if plaintiff overturns the conviction in state court on appeal or by means of a petition for a writ of habeas corpus, defendants retain the rights they had when the case was closed. Their summary judgment motion may be decided at that time.

ORDER

IT IS ORDERED that plaintiff Randolph Wallace Boulden's motion to stay the proceedings (dkt. #72) is GRANTED. The clerk of court is directed to close this case administratively. If plaintiff succeeds in overturning his convictions on appeal or in a habeas corpus action and wishes to resume proceedings in this case, the case will be reopened immediately upon motion of any party, with the parties retaining all rights they would have

had had the case not been closed for administrative purposes.

      Entered this 1st day of July, 2008.

                      BY THE COURT:

                      /s/ Barbara B. Crabb
                      BARBARA B. CRABB
                      District Judge